WILLIAM B. HARLEY, PLAINTIFF-RESPONDENT, v. THE COUNTY OF PASSAIC, DEFENDANT-APPELLANT.

Submitted May 27th, 1938—Decided September 16, 1938.

For the defendant-appellant, *Harry L. Schoen.*

For the plaintiff-respondent, *Archibald Krieger.*

PER CURIAM.

This appeal brings up a judgment of the Supreme Court entered in favor of the plaintiff after the granting of a motion to strike the answer of the defendant. The suit was for the balance of salary of the plaintiff as judge of the Court of Common Pleas in and for the county of Passaic for the year 1933 and for the months of January, February and March, 1934. Plaintiff sought the difference between the stated salary of $13,000 and the salary actually received by him at the rate of $9,740 per annum over the period in question. He has judgment for this difference together with interest from February 17th, 1937, the date when he is alleged to have made demand in writing upon the board of freeholders for payment of the amounts withheld.

The complaint alleged that plaintiff was entitled to salary at the rate of $13,000 per year and that he had been paid less than that amount, and claimed judgment for the difference.

The answer set up several defenses. The first was to the effect that the plaintiff, and other officers and employes of Passaic county, voluntarily donated and contributed a portion of their salaries to the county to assist it in the financial difficulties in which it then found itself. In this defense it is alleged that plaintiff approved the semi-monthly payroll sheets of his department with the twenty-five per cent. deduction shown thereon; for part of the period this twenty-five per cent. was designated as "donated" and for the balance was designated as "deducted in accordance with paragraph 1, chapter 17, laws of 1933." This defense sets up that having made this voluntary contribution to the county, plaintiff is barred from now recovering it.

The second defense sets up that by reason of the situation outlined in the first defense, the plaintiff waived any right to demand his full salary.

The affidavit of the plaintiff in support of the motion to strike did not deny any of the facts set out in the separate defenses, but merely averred that he had received less than his full statutory salary and claimed that under the decision of this court in *Delmar* v. *County of Bergen*, 117 *N. J. L.* 377, he was entitled to such full salary.

Relying principally upon *Delmar* v. *County of Bergen*, *supra*, the Circuit Court judge struck the answer and judgment for plaintiff was entered. In this we think there was error. The questions of waiver, estoppel and voluntary contribution sought to be raised by the answer here were not present in the Delmar case. For the period for which he sought to recover his full salary Judge Delmar refused to accept the reduced payments and committed no act which could be the basis of waiver or estoppel. The instant case comes rather within the principles discussed in the recent decision in *Vander Burgh* v. *County of Bergen*, 120 *N. J. L.* 444, wherein we held that the defense of waiver and estoppel was available to the county in a suit by a District Court judge where he had approved payroll sheets showing the reduced payments.

We conclude that the defenses sought to be raised in the

instant case by the first and second separate defenses were available to the defendant and that it was error to strike them as frivolous.

The further contention is made by the respondent that it was proper to strike the answer because there was no affidavit on behalf of the defendant in support of it. We are of the opinion that this is not so because the affidavit of the plaintiff did not deny or in any way sufficiently challenge the allegations of the separate defenses. Chancellor Campbell, speaking for this court, said in *Pehle* v. *Township of Saddle River,* 119 *N. J. L.* 156: "Where a motion is made to strike an answer, either in whole or in part, because it is sham or frivolous, or both, the affidavits *legally and sufficiently challenging such pleading* must be contradicted or rebutted by answering affidavits so as to raise a dispute as to facts or law, or both." We conclude that there was no challenge to the answer in plaintiff's affidavit sufficient to require answering affidavits.

The judgment under review is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.